■ In the Matter of GREGORY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [638 NYS2d 104] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated November 28, 1994, which, upon a fact-finding order of the Supreme Court, Kings County (Egitto, J.), entered June 22, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of five years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court erred by ordering that he be placed in a restrictive setting. We disagree. Family Court Act § 353.5 (1) provides, *inter alia,* that when, as in this case, the appellant is found to have committed a designated felony act, the court shall determine, based on a preponderance of the evidence, whether or not the appellant requires placement in a restrictive setting. Such placement is a drastic course of action that should only be used as a last resort *(see, Matter of John H.,* 48 AD2d 879, 880). In this case the evi-

dence establishes overwhelmingly that the needs and best interests of the appellant require that he be placed in a restrictive setting. Therefore, a new dispositional hearing is not warranted.

Furthermore, it was not an improvident exercise of discretion for the Family Court to permit the media access to the dispositional hearing (see, Uniform Rules for Trial Cts [22 NYCRR] § 205.4; see also, Matter of Robert M., 109 Misc 2d 427). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.